

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-32,316-02

### EX PARTE JEFFREY LYNN VANCE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1169297-A IN THE 177TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*. YEARY, J., concurred.

### O P I N I O N

Applicant pleaded guilty to delivery of a controlled substance and was sentenced to nine months' imprisonment. Applicant did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant raises claims of false evidence and involuntary plea related to the discovery of prior misconduct by former Houston Police Officer Gerald Goines, who was the sole witness against Applicant in his case. Based on the record, the trial court has determined that Applicant was denied due process by the use of false evidence against him and that his guilty plea was involuntary. *Ex parte Mathews*, 638 S.W.3d 685 (Tex. Crim. App. 2022); *Ex parte Coty*, 418 S.W.3d 597 (Tex.

Crim. App. 2014). The State and trial court both recommend granting relief. We agree.

Relief is granted. *Ex parte Chabot*, 300 S.W.3d 768, 772 (Tex. Crim. App. 2009); *Brady v. United States*, 397 U.S. 742 (1970). The judgment in cause number 1169297 in the 177th District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the charges as set out in the information. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: June 19, 2024
Do not publish